■ PASQUALLENA BRISEBOIS, Appellant, v GASTON W. BRISEBOIS, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered December 10, 1986 in Albany County, which directed the parties and the Sheriff of Albany County to take certain action to comply with the provisions of the judgment of divorce previously entered in the action.

The parties entered into a stipulation of settlement in open court providing for the division of their marital property and they executed an opting-out agreement based upon the stipulation. The parties were thereafter divorced by a judgment which incorporated the terms of the stipulation. The marital property included a number of contiguous parcels of real property, some vacant and some developed, in the City of Albany. The stipulation required that plaintiff receive certain of this real property and that defendant receive the remaining parcels. It was recognized in the stipulation that a new survey

---

might be necessary to effect the division of the property. The stipulation also required defendant to build a fence on certain of the property and pay $13,500 to plaintiff, and required plaintiff to convey to defendant her interest in Gaston Paving and Construction Company, Inc.

Shortly after the judgment of divorce was entered, the parties' attorneys agreed that a survey of the real property was necessary to establish the new boundary lines; defendant's attorney hired a firm to do the survey. Thereafter, plaintiff discharged her attorney and retained new counsel, who failed to respond to requests by defendant's attorney that they meet to discuss implementation of the stipulation. When the survey was completed, defendant's attorney prepared the deeds and other papers necessary to convey the various parcels of property and sent copies to plaintiff's attorney, with a request that a closing date be scheduled. When plaintiff's attorney again failed to respond, defendant moved for an order, *inter alia,* compelling the transfer of the property. Plaintiff cross-moved for an order holding defendant in contempt for failing to comply with the terms of the stipulation. Plaintiff claimed that defendant had failed to pay her $13,500 as required by the stipulation and had failed to build the fence, also required by the agreement. As to the real property, plaintiff claimed that defendant had failed to provide an accounting and had allowed the property to deteriorate. Plaintiff also alleged that the boundary lines contained in the proposed deeds were incorrect and "cheated" her out of a portion of the property to which she was entitled under the stipulation.

Supreme Court concluded that, based upon the proof in the record, responsibility for the delay in implementing the stipulation must be shouldered by plaintiff. The court directed the execution of deeds to effect the transfer of the real property, and ordered defendant to pay plaintiff $13,500, provide an accounting for certain of the real property and build a fence on part of the property. In addition, plaintiff was ordered to transfer to defendant her interest in Gaston Paving and Construction Company, Inc. Supreme Court concluded by noting that its order was not intended to resolve any dispute the parties might have concerning the boundaries of the parcels of real property, and that any such dispute should be resolved by resort to separate litigation.

We see no basis for disturbing Supreme Court's conclusion that plaintiff was responsible for the delay in implementing the stipulation. Nor do we find anything inappropriate in the

relief granted by the court, except insofar as it ordered the execution of deeds conveying the real property without resolving the parties' dispute concerning the location of the various boundary lines. Both parties sought the court's aid in enforcing and implementing the terms of the stipulation, including the provision concerning the manner in which the parties' real property should be divided. Since the location of the boundary lines is dependent solely upon what the parties intended by that provision of the stipulation, Supreme Court should have conducted a hearing to resolve the boundary-line dispute before attempting to enforce the stipulation. It appears that the deeds have now been executed and, therefore, no useful purpose would be served by modifying the court's order, other than remitting the matter to Supreme Court for the purpose of resolving the boundary-line dispute and, if necessary, fashioning an appropriate remedy.

Order modified, on the law, without costs, by remitting the matter to Supreme Court for further proceedings not inconsistent herewith, and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.